UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRIS BARKLEY, | ) | No. C 10-5389 CW (PR) |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITION FOR |
| | ) | WRIT OF HABEAS CORPUS |
| v. | ) | |
| | ) | |
| JAMES NUEHRING, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

INTRODUCTION

Petitioner seeks federal habeas relief from his state convictions. For the reasons set forth below, the petition for such relief is DENIED.

BACKGROUND

In 2007, a Santa Clara County Superior Court jury found Petitioner guilty of possession of cocaine base for purposes of sale, consequent to which Petitioner received a sentence of nine years in state prison. This federal habeas petition was filed after Petitioner was denied relief on state judicial review.

Evidence presented at trial shows that in 2005, San Jose Police Officer Angel Mina stopped a vehicle having an expired

registration tag. In the car were a female driver and Petitioner, who was carrying over $700 in cash. (Ans., Ex. 7. Vol. 3 at 129-136.) Based on Officer Mina's observations, the police searched Petitioner's house. The search yielded two bags of crack cocaine, unused plastic bags, and a further eighty-two dollars in cash. (Id. at 136-161.)

Also presented at trial were recordings of Petitioner's jailhouse telephone conversations. In these conversations, Petitioner (1) asked friends and family to lie and say the money or the drugs were theirs, and (2) stated that the police did not find drugs on him during the vehicle stop because, "My shit went up old girl's snatch," which was taken to mean that the female passenger was hiding drugs in her vagina. (Id. at 216-220.) The parties stipulated to the admission of eleven jailhouse telephone recordings (from a total of 167), redacted to omit inadmissible information. (Id. at 181-88.)

As grounds for federal habeas relief, Petitioner alleges that (1) defense counsel rendered ineffective assistance; (2) the prosecutor committed misconduct; (3) the admission of the telephone recordings violated his right to due process; (4) there was insufficient evidence to support his conviction for possession of crack cocaine for purposes of sale; (5) the state court incorrectly determined that his prior conviction was both a felony and a strike; and (6) the evidence of his jail telephone

conversations was not properly authenticated.[1]

## STANDARD OF REVIEW

A federal writ of habeas corpus may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claims: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  Williams v. Taylor, 529 U.S. 362, 412-13 (2000).  "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id. at 413.  The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in

---

[1] Only Claim Five was presented on direct appeal.  (Ans., Ex. 2.) The remaining claims were presented only to the state supreme court, which summarily denied the habeas petition.

the holdings of the Supreme Court as of the time of the relevant state court decision. Id. at 412.

If constitutional error is found, habeas relief is warranted only if the error had a "'substantial and injurious effect or influence in determining the jury's verdict.'" Penry v. Johnson, 532 U.S. 782, 795 (2001) (quoting Brecht v. Abrahamson, 507 U.S. 619, 638 (1993)).

## DISCUSSION

I.   Assistance of Counsel

Petitioner claims that defense counsel rendered ineffective assistance in various ways. In order to prevail on a Sixth Amendment ineffectiveness of counsel claim, Petitioner must establish two things. First, he must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Second, he must establish that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. "The likelihood of a different result must be substantial, not just conceivable." Harrington v. Richter, 131 S. Ct. 770, 792 (2011) (citing Strickland, 466 U.S. at 693).

4

A.   Failure to Investigate

Petitioner claims that defense counsel failed to conduct sufficient investigation. First, he claims that counsel failed to investigate the validity of the vehicle registration tag on the vehicle stopped by police. Petitioner fails to state what such investigation would have yielded or that he had a reason beyond mere speculation to doubt the validity of the vehicle stop. Failure to identify such information is a failure to show that trial counsel's performance was deficient, or that the alleged deficiency resulted in prejudice. See Gallego v. McDaniel, 124 F.3d 1065, 1077 (9th Cir. 1997).

Second, Petitioner claims that defense counsel failed in his duty to investigate and obtain fingerprint evidence from the bags containing the cocaine seized from his house. However, Petitioner has not shown prejudice given the strength of the evidence against him. Even if fingerprints from persons other than Petitioner were on the bags, that would do little to undermine the evidentiary value arising from the fact that police found the cocaine in his house, and that he asked other persons to lie and take the blame.

Third, Petitioner claims that defense counsel failed in his duty to investigate the theory that Marta Gonzalez, who was found in his apartment during the police search, told the police that the drugs were hers. The record does not support Petitioner's assertion that defense counsel's performance was deficient.

There is no evidence that Ms. Gonzalez told the police that the drugs were hers. Indeed, she refused Petitioner's request to do so.[2] (Ans., Ex. 1, Part 2 at 56-69.) This claim is DENIED.

B.   Failure to State Proper Grounds

Petitioner claims that defense counsel failed to state proper grounds for the admission of evidence. Petitioner, however, does not state what grounds counsel should have used. Failure to identify such information is a failure to show that trial counsel's performance was deficient, or that the alleged deficiency resulted in prejudice. See Gallego, 124 F.3d at 1077. This claim is DENIED.

C.   Failure to Object to Evidence

Petitioner claims that defense counsel failed to object to the admission of the recorded telephone calls. This claim is DENIED. First, Petitioner does not state what more counsel should have done. Second, the record shows that defense counsel acted to suppress many of the telephone recordings. He moved to exclude evidence of 156 of the 167 recorded telephone calls and to redact the eleven admitted recordings to omit inadmissible evidence. On such a record, Petitioner has not shown a deficient performance, nor articulated any facts showing prejudice.

---

[2] Petitioner states that the person found inside was a male. The police found no males inside the house during the search. The police did find one male and one female in the carport of the house. However, there was no evidence tying them to the drugs found in Petitioner's apartment. (Ans., Ex. 7 at 142-43, 161.)

Petitioner also claims that defense counsel failed to object to evidence that there was a low denomination of currency found in a child's piggy bank in his house. Again, Petitioner fails to explain the significance of such information and why counsel should have objected to it, let alone that the objection would have been sustained and would have resulted in a different outcome of the trial. This claim is DENIED.

D.   Conflict with Counsel

Petitioner claims without elaboration that a conflict between counsel and himself resulted in ineffective assistance. Petitioner does not provide any details or supporting information. Accordingly, this claim is DENIED because it does not meet the specificity requirements of Mayle v. Felix, 545 U.S. 644, 655 (2005).

E.   Jury Instructions

Petitioner claims without elaboration that defense counsel failed to craft appropriate jury instructions. Petitioner provides no details or supporting information. Accordingly, this claim is DENIED because it does not meet the specificity requirements of Felix. 545 U.S. at 655.

F.   Challenging Evidence

Petitioner claims that defense counsel failed to object to the testimony that the cell phone seized by police was Petitioner's. As detailed in Section II.A. below, there was sufficient evidence to show that it was Petitioner's cell phone.

7

Any objection by defense counsel would therefore almost certainly have been overruled. Because it is both reasonable and not prejudicial for defense counsel to forgo a meritless objection, see Juan H. v. Allen, 408 F.3d 1262, 1273 (9th Cir. 2005), Petitioner's claim is DENIED.

Based on the foregoing, Petitioner's ineffective assistance claims are DENIED.

II. Prosecutorial Misconduct Claims

Petitioner claims that the prosecutor committed misconduct by (A) knowingly presenting false evidence, (B) allowing Officer Mina to use a document to refresh her recollection, and (C) failing to present evidence that the fingerprints of other persons were found on the bags of cocaine.

A defendant's due process rights are violated when a prosecutor's conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Darden v. Wainwright, 477 U.S. 168, 181 (1986) (citation and internal quotation omitted). Under Darden, the first issue is whether the prosecutor's conduct was improper; if so, the next question is whether such conduct infected the trial with unfairness. Tan v. Runnels, 413 F.3d 1101, 1112 (9th Cir. 2005).

A. Allegedly False Evidence

Petitioner claims that the prosecutor knew that Officer Mina falsely testified that the cell phone was Petitioner's. The record shows that there was ample evidence that the telephone

belonged to Petitioner. First, Officer Mina testified that Petitioner had a cell phone on his person at the time of the vehicle stop. (Ans., Ex. 7 at 136.) Second, Petitioner admitted during a jailhouse telephone conversation that the cell phone was his. (Id., Ex. 1, Part 13 at 29.) Based on this undisputed record and the paucity of Petitioner's evidence, it cannot plausibly be said that the prosecutor knowingly presented false evidence, or otherwise committed misconduct. This claim is DENIED.

Petitioner also claims that there is evidence that Officer Mina knew him prior to the vehicle stop. Her testimony regarding the stop was therefore false, according to Petitioner. However, Petitioner fails to include this evidence in his filings, and the Court finds nothing in the record to support this assertion. Accordingly, this claim is DENIED.

B.  Document to Refresh Memory

Petitioner claims that the prosecutor allowed Officer Mina to refresh her memory with a document she did not prepare. The record does not support this claim. Officer Mina testified that she was the primary author of the document she consulted during her testimony. (Id., Ex. 7 at 132.) Because there is no factual support for Petitioner's claim, it is DENIED.

C.  Failure to Disclose Fingerprint Evidence

Petitioner claims that the prosecutor failed to disclose fingerprint evidence. To succeed on a failure to disclose

9

evidence claim, a petitioner must show that (1) the evidence at issue was favorable to the accused, because it was either exculpatory or impeaching; (2) evidence was suppressed by the prosecution, either willfully or inadvertently; and (3) prejudice ensued. Banks v. Dretke, 540 U.S. 668, 691 (2004). Petitioner has not met these requirements. First, his assertion that such evidence existed and that it would have been exculpatory is entirely speculative. He has not, then, shown that the prosecution suppressed evidence. Second, as discussed in Section I.A. above, given the strength of the evidence against him -- cocaine found in his house and his inculpatory admissions during his telephone conversations -- Petitioner has not shown prejudice. This claim is DENIED.

III. Admission of Telephone Recordings

Petitioner claims that the admission of the telephone conversation recordings violated his right to due process because it constituted prejudicial character evidence. He also claims that the jury instructions regarding those recordings violated his right to due process.

    A.    Character Evidence

Petitioner's claim comes in two parts. Petitioner first asserts that the use of this evidence violated the trial court's order to exclude character evidence. A review of the record shows no such order. Rather, the trial court declared there were no character evidence issues to decide, the prosecutor having

10

stated he was not presenting character evidence. (Ans., Ex. 7 at 82.) Accordingly, the claim is DENIED on this ground.

To the extent that Petitioner claims that the recordings constituted impermissible character or propensity evidence, such claim is also DENIED. A federal habeas petitioner's due process right concerning the admission of propensity evidence is not clearly established for purposes of review under AEDPA, the Supreme Court having reserved this as an open question. Alberni v. McDaniel, 458 F.3d 860, 866-67 (9th Cir. 2006).

Petitioner's second contention is that the prejudicial effect of the recordings outweighed their probative value. This claim fails for two reasons. First, the Supreme Court "has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ." Holley v. Yarborough, 568 F.3d 1091, 1101 (9th Cir. 2009).

Second, the admission of evidence is not subject to federal habeas review unless a specific constitutional guarantee is violated or the error is of such magnitude that the result is a denial of the fundamentally fair trial guaranteed by due process. See Henry v. Kernan, 197 F.3d 1021, 1031 (9th Cir. 1999). Only if there are no permissible inferences that the jury may draw from the evidence can its admission violate due process. See Jammal v. Van de Kamp, 926 F.2d 918, 920 (9th Cir. 1991). Petitioner has not shown that a specific constitutional guarantee

11

was violated or that he was denied a fair trial. First, this claim was waived. Counsel stipulated to the admission of eleven recordings, and those eleven would be redacted to omit inadmissible evidence. Second, the jury could draw the reasonable inference from the recordings that Petitioner had knowledge of and control over the cocaine, and that he asked others to assume criminal responsibility. On such a record, this claim is DENIED.

B.  Jury Instructions

Petitioner claims that the trial court violated his right to due process by instructing the jury that it could find that an attempt to falsify evidence can show awareness of guilt. Petitioner asserts that the instruction violated his rights because he never claimed to have possession of the drugs. Petitioner's contention is irrelevant because such an instruction was appropriate given that the recordings show Petitioner attempting to persuade others to assume criminal liability for the possession charges. Any impermissible prejudicial influence of such evidence was undone by the instruction itself, which specifically stated that evidence of consciousness of guilt "cannot prove guilt by itself." (Ans., Ex. 1, Part 5 at 149.)

Petitioner claims that the instruction encouraged the jury to infer guilt, but he was acting under duress during the phone calls, rather being conscious of guilt. The instruction, however, simply allowed the jury to make an inference, rather

12

than directing them to do so.  Petitioner was free to argue a duress defense during trial.  This claim is DENIED.

IV.  Sufficiency of the Evidence

Petitioner claims without elaboration that there was not sufficient evidence to find him guilty beyond a reasonable doubt of the possession of cocaine for purposes of sale (Cal. Health & Saf. Code § 11351.5).

A federal court reviewing a state court conviction does not determine whether it is satisfied that the evidence established guilt beyond a reasonable doubt.  Payne v. Borg, 982 F.2d 335, 338 (9th Cir. 1992).  Nor does a federal habeas court in general question a jury's credibility determinations, which are entitled to near-total deference.  Jackson v. Virginia, 443 U.S. 307, 326 (1979).  The federal court determines only whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Id. at 319.  Only if no rational trier of fact could have found proof of guilt beyond a reasonable doubt may the writ be granted.  Id. at 324.  "[T]he only question under Jackson is whether that [jury] finding was so insupportable as to fall below the threshold of bare rationality."  Coleman v. Johnson, No. 11-1053, slip op. 7 (U.S. May 29, 2012).

This undetailed and conclusory claim does not meet the specificity requirements of Felix.  545 U.S. at 655.  Further,

13

the jury was at least twice instructed that the prosecution had to prove guilt beyond a reasonable doubt. (Ans., Ex. 1, Part 5 at 144 & 153.) Finally, there was sufficient evidence to support his conviction. Under California law,

> [i]n order to secure a conviction of a violation of Health and Safety Code section 11351, the prosecution must prove beyond a reasonable doubt that (1) the defendant exercised dominion and control over the controlled substance, (2) the defendant was aware that he or she was in possession of a controlled substance, (3) the defendant was aware of the nature of a controlled substance, (4) the controlled substance was in an amount sufficient to be used for sale or consumption as a controlled substance, and (5) the defendant possessed a controlled substance with the specific intent to sell it.

People v. Parra, 70 Cal. App. 4th 222, 225-26 (1999). There was ample evidence of all five elements. As for elements one through three and five, the presence of cocaine and a large amount of cash in Petitioner's house and on his person, and his recorded admissions, clearly show that he exercised dominion and control over, had possession and understood the nature of, and had the intent to sell the controlled substance. As for the fourth element, counsel stipulated that police seized 4.98 grams of cocaine base. (Ans., Ex. 7 at 201.) To support the assertion that such amount showed that Petitioner possessed with the intent to sell, there was testimony that 0.25 grams was a saleable amount, and that Petitioner's apartment showed no signs that he was a cocaine user. (Id. at 239 & 242.) This record shows that the jury's findings were not so insupportable as to fall below

14

the threshold of rationality.  Accordingly, Petitioner's claim must be DENIED.

V.   Prior Conviction

Petitioner claims that the trial court erroneously determined that his prior conviction constituted both a felony and a strike.  The state appellate court found the trial court's determination correct under state law, and rejected Petitioner's claim.  (Ans., Ex. 2 at 8.)

This claim fails.  First, whether his prior conviction constitutes a felony or a strike is a matter of state law.  Violations of state law are not remediable on federal habeas review, even if state law were erroneously interpreted or applied.  See Swarthout v. Cooke, 131 S. Ct. 859, 861-62 (2011).  Second, even if state law violations were cognizable, this Court is bound by the state appellate court's determination that the prior conviction constituted a strike and a felony.  Bradshaw v. Richey, 546 U.S. 74, 76 (2005).  Petitioner's claim is DENIED.

VI.  Authentication of Recordings

Petitioner claims without elaboration that the recordings of his jailhouse conversations were not properly authenticated.

This claim fails.  First, it is undetailed and conclusory and so does not meet the specificity requirements of Felix.  545 U.S. at 655.  Second, authentication of evidence is a matter of state law, violations of which are not remediable on federal habeas review.  Third, the claim is waived because the parties

15

stipulated to the admission of the recordings.  (Ans., Ex. 7 at 176-18.)  This claim is DENIED.

## CONCLUSION

The state court's denial of Petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Accordingly, the petition is DENIED.

A certificate of appealability will not issue.  Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Petitioner may seek a certificate of appealability from the Court of Appeals.

The Clerk shall enter judgment in favor of Respondent, and close the file.

IT IS SO ORDERED.

DATED: 9/30/2012

CLAUDIA WILKEN
United States District Judge